12-772-cv
Mahadeo v. New York City Campaign Finance Board

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand thirteen.

PRESENT:
>     ROBERT D. SACK,
>     RAYMOND J. LOHIER, JR.,
>         *Circuit Judges,*
>     JOHN G. KOELTL,[*]
>         *District Judge*.

_____

Robby Mahadeo,

>         *Plaintiff-Appellant*,

v.                                                          12-772-cv

New York City Campaign Finance Board, Amy M. Loprest, Executive Director, Julius Peele, Director of Auditing & Accounting, Mark Griffin, Associate Counsel,

>         *Defendants-Appellees*.

_____

---

[*] The Honorable John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT:     Robby Mahadeo, *pro se*, Richmond Hill, NY.

FOR APPELLEES:     Larry A. Sonnenshein and Diana Lawless, *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Eric N. Vitaliano, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant Robby Mahadeo, pro se, appeals from the District Court's judgment dismissing his complaint. We assume the parties' familiarity with the facts and record of the prior proceedings, which we refer to only as necessary to explain our decision to affirm.

We review a district court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) de novo, "accepting all factual claims in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Famous Horse Inc. v. 5th Ave. Photo Inc., 624 F.3d 106, 108 (2d Cir. 2010). To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While a pro se complaint must contain sufficient factual allegations to meet the plausibility standard, we should look for such allegations

2

by affording the litigant "special solicitude" and "interpreting the complaint to raise the strongest claims that it suggests." Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (quotation marks and alterations omitted).

The limitations period for a claim under 42 U.S.C. § 1983 arising in New York is three years. See Murphy v. Lynn, 53 F.3d 547, 548 (2d Cir. 1995). A claim accrues, and the limitations period begins to run, "when the plaintiff knows or has reason to know of the injury which is the basis of his action." Covington v. City of New York, 171 F.3d 117, 121 (2d Cir. 1999) (quotation marks omitted).

The District Court correctly concluded that Mahadeo's Section 1983 claims are time-barred. Mahadeo conceded to the District Court that he was "informed by a Letter of Determination, dated October 18, 2007, and a final audit of November 5, 2007, of [the] assessed penalties" imposed by the New York City Campaign Finance Board relating to his alleged violations of municipal campaign finance laws during the 2005 New York City Council election. Those penalties constitute the injury that forms the basis of Mahadeo's action. Therefore, his Section 1983 claim accrued in November 2007 at the latest. Because he did not commence this action until July 2011, nearly four years after his claims accrued, his Section 1983 claims are time-barred and were properly dismissed by the District Court.

Mahadeo argues on appeal that the statute of limitations was tolled by the "continuing . . . discrimination" against him. That argument is without support in his complaint, which alleges that Mahadeo "is Asian-American" but fails to allege any acts of

3

discrimination. Mahadeo also argues that the statute of limitations began to run in July 2011, when the Campaign Finance Board sent him an information subpoena and he filed a notice of claim with the Office of the Comptroller of the City of New York. However, those events did not injure Mahadeo, and he does not claim that they did. Accordingly, those events did not restart the limitations period. See Felder v. Casey, 487 U.S. 131, 140 (1988) (notice-of-claim provisions do not apply to Section 1983 actions).

In his brief, Mahadeo also appears to challenge the District Court's denial of his motion for reconsideration. We review the denial of a motion for reconsideration for abuse of discretion. RJE Corp. v. Northville Indus. Corp., 329 F.3d 310, 316 (2d Cir. 2003). Local Civil Rule 6.3 of the United States District Courts for the Southern and Eastern Districts of New York permits a party to move for reconsideration based on "matters or controlling decisions which counsel believes the Court has overlooked." S.D.N.Y. & E.D.N.Y. Local Civ. R. 6.3. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A party may not use a motion for reconsideration to advance new issues or theories of relief that were not previously presented to the court. See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Stroh Cos., 265 F.3d 97, 115 (2d Cir. 2001).

4

Here, the District Court did not abuse its discretion in denying Mahadeo's reconsideration motion, because he sought in that motion to raise an entirely new theory of relief, sounding in contract, that was not contained in his original complaint. Moreover, if Mahadeo's claims sounded in contract, the court would lack subject matter jurisdiction because the parties are not diverse. See 28 U.S.C. § 1332(a).

We have considered all of Mahadeo's remaining arguments and conclude that they are without merit. For the foregoing reasons, we AFFIRM the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5