**Dale C. ROBERTS, Plaintiff,**

v.

**Joe BABKIEWICZ, Defendant.**

**Civil No. 3:07CV01821(AWT).**

United States District Court,
D. Connecticut.

July 2, 2008.

John R. Williams, New Haven, CT, for Plaintiff.

Scott M. Karsten, Karsten, Dorman & Tallberg LLC, West Hartford, CT, for Defendant.

### RULING ON MOTION FOR JUDGMENT ON THE PLEADINGS

ALVIN W. THOMPSON, District Judge.

Plaintiff Dale C. Roberts ("Roberts") brought this action against Defendant Joe Babkiewicz ("Babkiewicz") alleging claims for excessive force, false arrest, and malicious prosecution pursuant to 42 U.S.C. § 1983.[1] Pursuant to Fed.R.Civ.P. 12(c), Babkiewicz has moved for judgment on the

---

1. The court construes the factual allegations in ¶ 7 of the complaint as giving rise to an excessive force claim and the factual allega- tions in ¶ 8 as giving rise to claims for false arrest and malicious prosecution. Both par-

pleadings. For the reasons set forth below, Babkiewicz's motion is being granted.

## I. FACTUAL ALLEGATIONS

For purposes of this motion, the court takes the following factual allegations set forth in the Complaint as true. In addition, the court takes judicial notice of certain records of the Connecticut Superior Court.

On December 1, 2004, Babkiewicz, an officer of the Police Department of Bloomfield, Connecticut, assaulted Roberts inside the Bloomfield Police Department headquarters where the department held Roberts in custody on various criminal and motor vehicle charges. Babkiewicz thereafter falsely accused Roberts of the felony of assaulting a police officer and maliciously prepared a false report containing the false accusation. Roberts was charged in Superior Court in Hartford, Connecticut, with assaulting Babkiewicz. On May 25, 2005, the prosecuting attorney nolled this charge.[2] Superior Court records show that on the same day, the plaintiff pled guilty to a charge of Interfering with an Officer, in violation of Connecticut General Statutes § 53a–167a. Section 53a–167a provides:

> A person is guilty of interfering with an officer when such person obstructs, resists, hinders or endangers any peace officer, special policeman appointed under section 29–18b or firefighter in the performance of such peace officer's, special policeman's or firefighter's duties.

Conn. Gen.Stat. § 53a–167a (2007).

## II. LEGAL STANDARD

The legal standard for a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is identical to that for a 12(b)(6) motion. *Cleveland v. Caplaw Enterprises,* 448 F.3d 518, 521 (2d Cir.2006). When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly,* —— U.S. ——, ——, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). The plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. "The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *Mytych v. May Dept. Stores Co.,* 34 F.Supp.2d 130, 131 (D.Conn. 1999), quoting *Ryder Energy Distribution v. Merrill Lynch Commodities, Inc.,* 748 F.2d 774, 779 (2d Cir.1984). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims." *United States v. Yale New Haven Hosp.,* 727 F.Supp. 784, 786

---

ties proceed on the basis that these are the claims alleged in the complaint.

**2.** The complaint states that the charge was nolled because "it was apparent from medical evidence that ... [Roberts] was innocent of the charge" ((Doc. No. 1), Compl. ¶ 9). This standing alone, however, is merely a conclusory assertion and not proper pleading of factual allegations.

(D.Conn.1990) (citing *Scheuer,* 416 U.S. at 232, 94 S.Ct. 1683). In its review of a motion to dismiss for failure to state a claim, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." *Samuels v. Air Transport Local 504,* 992 F.2d 12, 15 (2d Cir.1993). Additionally, "Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss. Such a motion is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. . . ." *Ghartey v. St. John's Queens Hosp.,* 869 F.2d 160, 162 (2d Cir.1989).

## III. DISCUSSION

### A. Statute of Limitations

■ The defendant argues that the plaintiff's claims for excessive force and false arrest are barred by the applicable three year statute of limitations because the plaintiff filed his complaint on December 7, 2007, more than three years after the December 1, 2004 alleged assault and false arrest. The plaintiff's claims for excessive force and false arrest accrued on December 1, 2004. *See Wallace v. Kato,* — U.S. —, —, 127 S.Ct. 1091, 1100, 166 L.Ed.2d 973 (2007) (holding that the statute of limitations for a § 1983 claim of false arrest "begins to run at the time the claimant becomes detained pursuant to legal process"); *Singleton v. City of New York,* 632 F.2d 185, 191 (2d Cir.1980) (noting that federal law "establishes as the time of accrual that point in time when the plaintiff knows or has reason to know of the injury which is the basis of his action") (quoting *Bireline v. Seagondollar,* 567 F.2d 260, 263 (4th Cir.1977)). Accordingly, these two claims are barred by the applicable three-year statute of limitations, *Lounsbury v. Jeffries,* 25 F.3d 131, 134 (2d Cir.1994), and the defendant's motion to dismiss on this basis is being granted as to the plaintiff's excessive force and false arrest claims.[3]

### B. Legal Insufficiency of Malicious Prosecution Claim

■ The defendant argues that the plaintiff's malicious prosecution claim is legally insufficient because the disposal of the case against the plaintiff by a nolle prosequi does not constitute a disposition in favor of the plaintiff.[4] To prevail on a claim of malicious prosecution, the plaintiff must establish four elements: "(1) the defendant initiated a prosecution against the plaintiff, (2) without probable cause to believe the proceeding can succeed, (3) the proceeding was begun with malice and, (4) the matter terminated in the plaintiff's favor." *Ricciuti v. N.Y.C. Transit Authority,* 124 F.3d 123, 130 (2d Cir.1997). As the court discussed in *Holman v. Cascio,* 390 F.Supp.2d 120, 123 (D.Conn.2005), "[t]he majority of decisions applying Connecticut law ... hold that a nolle of the criminal charge may still permit the plaintiff to satisfy that element [of favorable termination] if the circumstances of the nolle satisfy the *See v. Gosselin*[, 133 Conn. 158, 48 A.2d 560 (1946)] test of 'an abandonment of the prosecution without request from or by arrangement with'" the plain-

---

**3.** The plaintiff's claim for malicious prosecution is not time-barred because the claim accrued when the underlying criminal action was conclusively terminated on May 25, 2005. *See Murphy v. Lynn,* 53 F.3d 547, 548 (2d Cir.1995).

**4.** *Because the plaintiff's false arrest claim is barred by the statute of limitations, the court does not reach the issue of whether the claim is legally sufficient.*

tiff (citation omitted). *See also Frey v. Maloney*, 476 F.Supp.2d 141, 148 (D.Conn. 2007) ("A *nolle prosequi* . . . can constitute a favorable termination, so long as the plaintiff demonstrates that it was entered under circumstances indicating that the State has abandoned the prosecution without request by the plaintiff or arrangement with him."). For example, "if some charges were nolled in exchange for a guilty plea to another offense, those nolled charges could **not** be the basis for a subsequent malicious prosecution claim." *Holman*, 390 F.Supp.2d at 124 (emphasis added).

In this case, the plaintiff has failed to set forth factual allegations that could plausibly suggest [5] a favorable disposition of the underlying criminal proceeding. A nolle of the assault charge on the same day as the plaintiff's guilty plea to another, apparently related, charge suggests only that the assault charge was nolled in exchange for the guilty plea, which constitutes an unfavorable disposition. The court would have to "conjure up unpleaded facts," *Twombly*, 127 S.Ct. at 1969, in order to state a scenario in which the nolle of the assault charge was not in exchange for the plaintiff's plea of guilty to Interfering with an Officer.

Because the plaintiff has not set forth factual allegations that suggest a favorable disposition, the plaintiff has not alleged all the elements of a malicious prosecution claim. Accordingly, the plaintiff's claim is legally insufficient, and the defendant's motion to dismiss is being granted as to the malicious prosecution claim.

## IV. CONCLUSION

For the reasons set forth above, Defendant Joe Babkiewicz's Motion to Dismiss (Doc. No. 15) is hereby GRANTED. The Clerk shall enter judgment in favor of the defendant and close this case.

It is so ordered.

---

**5.** The Plaintiff mistakenly relies on *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), which was abrogated by *Bell Atlantic Corporation v. Twombly*, — U.S. ——, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). As *Twombly* notes, "*Conley v. Gibson* spoke . . . of 'the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* at 1968 (citation omitted).