08-3858-cv
Roberts v. Babkiewicz

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

––––––––––––––––––––––

August Term, 2008

(Argued: July 7, 2009)                                    Decided: September 30, 2009)

Docket No. 08-3858-cv

––––––––––––––––––––––

Dale C. Roberts,

*Plaintiff-Appellant*,

*-v.-*

Joe Babkiewicz,

*Defendant-Appellee.*

–––––––––––––––––––––––

BEFORE:     CALABRESI, HALL, *Circuit Judges*, and SESSIONS, *District Judge.*[*]

––––––––––––––––––––––

Appeal from a grant of Defendant-Appellee's motion for judgment on the pleadings entered in the United States District Court for the District of Connecticut (Thompson, *J.*).  On appeal, Plaintiff-Appellant Roberts challenges the district court's ruling that his malicious prosecution claim, advanced under 42 U.S.C. § 1983, fails as a matter of law because the state nolle prossed the assault charge on the same day that Roberts pleaded guilty to interfering with a police officer and Roberts, therefore, had not shown under Connecticut law that the dismissal of the underlying criminal offense resulted in a "favorable termination."  From the record before us on appeal it is unclear that the criminal charge that was nolled is necessarily related to or arose from the same circumstances as the criminal offense to which Roberts pleaded guilty.  We vacate the judgment of the district court and remand for further proceedings consistent with this opinion.

––––––––––––––––––––––

FOR PLAINTIFF-APPELLANT:          JOHN R. WILLIAMS, John R. Williams and
                                                        Associates LLC, New Haven, CT.

––––––––––––––––

[*] The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

FOR DEFENDANT-APPELLEE:     SCOTT M. KARSTEN, Karsten, Dorman &
                            Tallberg, LLC, West Hartford, CT.

_____

PER CURIAM:

This is an appeal from a grant of Defendant-Appellee Joe Babkiewicz's motion for judgment on the pleadings entered in the United States District Court for the District of Connecticut (Thompson, *J.*).  Because this matter comes to us on appeal from a judgment on the pleadings, we rely on the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case.  *See, e.g.*, *Faconti v. Potter*, 242 Fed. Appx. 775, 777 (2d Cir. 2007) (unpublished).

On appeal, Plaintiff-Appellant Dale Roberts challenges the district court's ruling that his malicious prosecution claim, brought under 42 U.S.C. § 1983, fails as a matter of law because the state court nolle prossed the assault charge that was the basis for the malicious prosecution claim on the same day that Roberts also pleaded guilty to interfering with a police officer and Roberts, therefore, had not shown under Connecticut law that the dismissal of the underlying criminal offense was a "favorable termination."  From the record before us on appeal it is unclear whether the nolle prosequi of the criminal charge was necessarily related to or part of the disposition of the criminal offense to which Roberts pleaded guilty.  We vacate the judgment of the district court and remand for further proceedings consistent with this opinion.

**BACKGROUND**

On December 1, 2004, Dale Roberts was arrested by the Bloomfield, Connecticut Police Department on various criminal and motor vehicle charges. The record is silent as to the nature of these charges. In his complaint Roberts has alleged that while he was in custody, Joe Babkiewicz, a police officer in the town of Bloomfield, assaulted him and inflicted physical injuries without cause or justification. Roberts further alleged that Babkiewicz then falsely accused him of assaulting a police officer, a felony, and maliciously prepared a false report of that charge which was presented to the prosecuting attorney.

On May 25, 2005, in the Superior Court at Hartford, Connecticut the prosecuting attorney entered a nolle prosequi with respect to the charge of assaulting a police officer. That same day, Roberts pleaded guilty to interfering with a police officer on December 1, 2004, the date that he had allegedly assaulted Officer Babkiewicz. Because the record contains only the guilty plea sentencing document, we rely on the pleadings, the district court's opinion, and the parties' briefs for the factual background of this case.

In December 2007, Roberts brought a civil rights action against Babkiewicz under 42 U.S.C. § 1983, alleging excessive force, false arrest, and malicious prosecution. The complaint asserted that the criminal charge was nolled because "it was apparent from medical evidence that the plaintiff was innocent of the charge." Compl. ¶ 9. The district court granted Babkiewicz's motion for judgment on the pleadings, finding that the excessive force and false arrest claims were barred by the statute of limitations. As for the claim of malicious prosecution, the district court took judicial notice of the Superior Court records showing that the nolle prosequi occurred on May 25, 2005, the same day as Roberts's guilty plea, and concluded that the two charges were

3

"apparently related." *Roberts v. Babkiewicz*, 563 F. Supp. 2d 358, 361 (D. Conn. 2008). Reasoning that it "would have to 'conjure up unpleaded facts,' in order to state a scenario in which the nolle of the assault charge was not in exchange for the plaintiff's plea of guilty to Interfering with an Officer," the district court concluded that Roberts's allegations did not suggest a favorable termination of the underlying criminal offense and that Roberts's malicious prosecution claim failed as a matter of law. *Id.* at 361 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562 (2007)). Roberts appeals.

## DISCUSSION

We review *de novo* a grant of a judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *Nicholas v. Goord*, 430 F.3d 652, 658 n.8 (2d Cir. 2005).

"In order to prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment, and establish the elements of a malicious prosecution claim under state law." *Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002). To prevail on a malicious prosecution claim under Connecticut law, a plaintiff must prove the following elements: (1) the defendant initiated or continued criminal proceedings against the plaintiff; (2) the criminal proceeding terminated in favor of the plaintiff; (3) "the defendant acted without probable cause"; and (4) "the defendant acted with malice." *McHale v. W.B.S. Corp.*, 446 A.2d 815, 817 (Conn. 1982).

A nolle prosequi is a "unilateral act by a prosecutor, which ends the pending proceedings without an acquittal and without placing the defendant in jeopardy." *Cislo v. City of Shelton*, 692 A.2d 1255, 1260 n.9 (Conn. 1997) (internal quotations and citations omitted). Under Connecticut law, a nolle prosequi terminates the prosecution, but the prosecuting authority is

4

permitted to initiate a new action against the defendant within the statute of limitations. Conn. Practice Book § 39-31. A nolle prosequi may not be entered if the accused objects and demands either a trial or dismissal. Conn. Gen. Stat. § 54-56b. Criminal charges that have been nolled are erased thirteen months after entry of the nolle prosequi. Conn. Gen. Stat. § 54-142a(c).

Connecticut law adopts a liberal understanding of a favorable termination for the purposes of a malicious prosecution claim. *See See v. Gosselin*, 48 A.2d 560, 561 (Conn. 1946) ("It is not necessary that the accused should have been acquitted. It is sufficient if he was discharged without a trial under circumstances amounting to an abandonment of the prosecution . . . ."); *Colli v. Kamins*, 468 A.2d 295, 297 (Conn. Super. Ct. 1983) ("An abandonment of a criminal proceeding, so far as the plaintiff's right to prevail is concerned, is the equivalent of its successful termination."); *see also DeLaurentis v. City of New Haven*, 597 A.2d 807, 820 (Conn. 1991) ("[W]e have never required a plaintiff in a vexatious suit action to prove a favorable termination either by pointing to an adjudication on the merits in his favor or by showing affirmatively that the circumstances of the termination indicated his innocence or nonliability, so long as the proceeding has terminated without consideration."); *Russo v. City of Hartford*, 184 F. Supp. 2d 169, 186 (D. Conn. 2002) (determining that the Connecticut Supreme Court considers "the burden to establish the termination prong a minimal one, with little emphasis on whether the actual termination was favorable to the plaintiff.").

The United States District Court for the District of Connecticut has reached different conclusions on whether a nolle prosequi bars a claim of false arrest or malicious prosecution. What these cases have in common however is that they were adjudicated at summary judgment, and the outcome depended on whether facts material to the reasons for the nolle prosequi

5

remained in dispute. *See, e.g.*, *Lupinacci v. Pizighelli*, 588 F. Supp. 2d 242, 249 (D. Conn. 2008) (summary judgment denied because deposition testimony provided evidence that the nolle was not conditioned on any benefit to state or victim); *Clark v. Dowty*, No. 3:05-CV-1345 (WWE), 2007 WL 2022045 (D. Conn. July 9, 2007) (summary judgment granted because nolle prosequi was conditioned upon completion of therapy); *Holman v. Cascio*, 390 F. Supp. 2d 120, 125 (D. Conn. 2005) (summary judgment denied because deposition testimony provided evidence that nolles were not entered as part of a plea bargain); *Walsh v. Sousa*, No. Civ. A. 3:01CV1872, 2004 WL 717169 (D. Conn. Mar. 25, 2004) (summary judgment granted); *Galazo v. City of Waterbury*, 303 F. Supp. 2d 213, 218-19 (D. Conn. 2004) (malicious prosecution claim survived summary judgment); *Birdsall v. City of Hartford*, 249 F. Supp. 2d 163, 171 (D. Conn. 2003) (summary judgment granted because the charges were dismissed in exchange for a charitable contribution).

The majority of cases from Connecticut courts interpret Connecticut law so that a nolle prosequi satisfies the "favorable termination" element as long as the abandonment of the prosecution was not based on an arrangement with the defendant. *See Holman,* 390 F. Supp. 2d at 123 ("The majority of decisions applying Connecticut law . . . hold that a nolle of the criminal charge may still permit the plaintiff to satisfy [the favorable termination] element if the circumstances of the nolle satisfy the *See v. Gosselin* test of an abandonment of prosecution without request from or by an arrangement with [the defendant]." (internal quotations omitted)). Under Connecticut law, as *Holman* correctly stated, "the mere allegation of a nolle in a complaint may be enough to withstand a motion to dismiss under Fed.R.Civ.P.12(b)(6)." *Id.* at 124.

However, "a nolle will preclude a subsequent case for malicious prosecution when it was made as part of a plea bargain . . . ." *Id.* at 123-24.

The district court here concluded that the assault charge against Roberts that was nolled on the same date as the guilty plea was "apparently" part of Roberts's plea agreement by which he pleaded guilty to interfering with a police officer. *Roberts*, 563 F. Supp. 2d at 361. Notwithstanding the temporal proximity of the two charges and the subsequent guilty plea to one and the nolle prosequi of the other entered on the same day, there is nothing in the record that proves the assault charge was nolled as part of the bargain struck.

Accepting the factual allegations of the complaint as true, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009), the prosecuting attorney nolled the charge "because it was apparent from medical evidence that the plaintiff was innocent of the charge." Drawing all reasonable inferences from these facts in favor of the plaintiff, he has stated a plausible claim for relief, to wit, that the prosecuting attorney terminated the prosecution based on Roberts's innocence and not because of a negotiated plea or other consideration. Without additional facts explaining the circumstances of Roberts's initial arrest on December 1, 2004 and of his subsequent guilty plea and the nolle prosequi, both entered on May 25, 2005, we must accept Roberts's allegation that the assault charge brought by Officer Babkiewicz was nolled because medical evidence proved his innocence.

Because Roberts has adequately pled a claim for relief that is plausible on its face, *i.e.*, he has pled facts which, if taken as true together with all reasonable inferences, would lead to the conclusion that the nolle prosequi was a favorable termination under Connecticut law, we must vacate the judgment of the district court and remand the case for further proceedings.

**CONCLUSION**

For the reasons stated herein, the judgment of the district court is vacated, and the case is remanded for further proceedings consistent with this opinion.