Delia POLANCO, Plaintiff,

v.

NCO PORTFOLIO MANAGEMENT, INC., Defendant.

No. 11 Civ. 7177 (DAB).

United States District Court, S.D. New York.

March 18, 2013.

Ahmad Keshavarz, Ahmad Keshavarz, Law Offices, Brooklyn, NY, for Plaintiff.

Aaron R. Easley, Sessions, Fishman, & Nathan, LLP, Metairie, LA, for Defendant.

## MEMORANDUM AND ORDER

DEBORAH A. BATTS, District Judge.

This matter is before the Court on Defendant's Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("Rule 12(c)"). For reasons that follow, Defendant's Motion for Judgment on the Pleadings is DENIED in its entirety.

## I. BACKGROUND

The following facts, except where noted, are drawn from the Complaint and are undisputed for present purposes. This action seeks damages based on the debt collection practices by NCO Portfolio Management, Inc. ("NCO" or "Defendant") in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). NCO is a debt collection firm that purchases charged-off consumer accounts and attempts to collect on those accounts by sending collection letters and filing collection lawsuits.[1] (Compl. ¶ 7–8.) In early January 2006, Harris, on behalf of NCO, filed a state court collection lawsuit against Plaintiff Delia Polanco ("Polanco" or "Plaintiff"). (Compl. ¶ 9.) After Harris failed to serve Polanco notice of the lawsuit and falsified an affidavit of service, on March 20, 2006, the state court awarded NCO a default judgment against Polanco in the amount of $2,451.45.[2] (Compl. ¶¶ 9–

---

1. These lawsuits were filed by Mel Harris and Associates, LLC ("Harris"). (Compl. ¶¶ 7–8.) Harris originally was a party in the instant matter, but Plaintiff voluntarily dismissed the action against Harris pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure on March 23, 2012. (Dkt. # 12.)

2. This practice is commonly known as "sewer service," whereby entities "fraudulently obtain default judgments" by "failing to serve a

10.) A New York City marshal executed this judgment, and shortly thereafter Polanco's funds were forwarded to NCO via Harris. (Compl. ¶ 11.)

On October 27, 2010, Polanco filed an order to show cause to vacate the default judgment and to return her funds. (Compl. ¶ 12.) Plaintiff prevailed, but Defendant nonetheless failed to return her money. (Compl. ¶ 14.) In response, Polanco sought and was awarded a second Court Order on March 17, 2011, requiring NCO to return Polanco's funds immediately. (Compl. ¶ 17.) NCO again failed to comply. (Compl. ¶¶ 18–21.) Finally, in August 2011, nearly ten months after the first Court Order, NCO returned Polanco's funds. (Compl. ¶ 21.)

Polanco brought this present action, asserting that NCO violated sections 1692d, 1692e, and 1692f of the FDCPA. (Compl. ¶ 33.) Despite the lack of clarity in Polanco's Complaint, the crux of her claim is that Defendant fraudulently obtained a default judgment and then failed to comply with two Court Orders to return those improperly obtained funds.

Defendant timely filed a Rule 12(c) Motion for Judgment on the Pleadings, arguing the FDCPA does not apply to a debt collector's refusal to comply with a Court Order because such conduct does not fall within the scope of debt collection activity contemplated by the FDCPA. (Def.'s Mot. 4–5.)

## II. DISCUSSION

### A. Legal Standard for Judgment on the Pleadings

Faced with a Rule 12(c) motion for judgment on the pleadings, a court applies the familiar standard applicable to a Rule 12(b)(6) motion. *Hayden v. Paterson,* 594

summons and complaint and then filing a fraudulent affidavit attesting to service" and "obtain[ing a] default judgment[ ]." *Sykes v.*

F.3d 150, 160 (2d Cir.2010) (citation omitted). For a complaint to survive a Rule 12 motion, the plaintiff must have pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility," the Supreme Court has explained,

> [W]hen the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."

*Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 556–57, 127 S.Ct. 1955). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955 (internal quotation marks omitted). "In keeping with these principles," the Supreme Court has stated,

> A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they do no more than draw conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court

*Mel Harris & Associates, LLC,* 757 F.Supp.2d 413, 417 (S.D.N.Y.2010).

should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal,* 556 U.S. at 664, 129 S.Ct. 1937.

On a Rule 12(c) motion, a court considers "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *Roberts v. Babkiewicz,* 582 F.3d 418, 419 (2d Cir.2009). The Court must accept as true all factual allegations set forth in the complaint and draw all reasonable inferences in favor of the plaintiff. *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 508 n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.,* 369 F.3d 212, 217 (2d Cir.2004). However, this principle is "inapplicable to legal conclusions," *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937, which, like the complaint's "labels and conclusions," are disregarded. *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955. Nor should a court "accept [as] true legal conclusions couched as a factual allegation." *Id.* at 555, 127 S.Ct. 1955.

### B. The Purpose of the FDCPA

■ Congress enacted the FDCPA after finding "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). Accordingly, the purpose of the FDCPA is " 'to protect consumers from deceptive or harassing actions taken by debt collectors[,]' with the purpose of 'limiting the suffering and anguish often inflicted by independent debt collectors.' " *Gabriele v. Am. Home Mortg. Serv., Inc.,* 503 Fed.Appx. 89, 93 (2d Cir.2012) (citations omitted). The FDCPA achieves this through three provisions regulating the practices of debt collectors. *See* 15 U.S.C. §§ 1692d–1692f.

■ The FDCPA applies only to conduct in connection with the collection of a consumer debt. *Beal v. Himmel & Bernstein, LLP,* 615 F.Supp.2d 214, 216–17 (S.D.N.Y.2009). The FDCPA defines a debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). The FDCPA prohibits debt collectors from engaging in "conduct the natural consequence of which is to harass, oppress, or abuse," a person, 15 U.S.C. § 1692d, making a "false, deceptive, or misleading representation," 15 U.S.C. § 1692e, and using "unfair or unconscionable means" to collect a debt. 15 U.S.C. § 1692f. Each of these provisions includes non-exhaustive subsections of examples of such prohibited practices. 15 U.S.C. §§ 1692d–1692f.

### C. The Default Judgment Claim

■ Defendant's Motion does not address whether Plaintiff's claim that NCO and Harris fraudulently obtained a default judgment, which resulted in garnishing Polanco's funds, falls under the FDCPA. Such sewer service practice, followed by obtaining a default judgment, falls squarely within prohibited acts under the FDCPA. 15 U.S.C. § 1692e. *See Sykes,* 757 F.Supp.2d at 421–23 (denying motions to dismiss FDCPA claims alleging that a debt-buying company, a law firm, and a processing service company engaged in a similar sewer service scheme).

### D. The Noncompliance with Court Orders Claim

■ A threshold requirement for claims under the application of a FDCPA claim is whether the alleged conduct was used in connection with the collection of a

consumer debt. *FTC v. Check Investors, Inc.*, 502 F.3d 159, 167 (3d Cir.2007); *Shmerkocvich v. RMC Consulting Grp. LLC,* No.2009–5490, 2011 WL 887871, at *4 (E.D.N.Y. Jan. 31, 2011). Under the FDCPA, debt is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

Defendant claims the FDCPA is inapplicable because a Court Order is not a debt under section 1692a(5) of the FDCPA. (Def.'s Mot. 3.) Plaintiff's theory of liability must fail, Defendant asserts, because it is based on a Court Order rather than a debt. (Def.'s Mot. 3–5.) In support of this assertion, Defendant relies on case law where FDCPA claims were dismissed because the Court Orders were the *source* of non-consumer debt. *Beal,* 615 F.Supp.2d at 216–17 (holding the debt was not subject to the FDCPA because it was a Court Order to pay attorney fees for post-divorce litigation); *Mabe v. G.C. Servs. Ltd. P'ship,* 32 F.3d 86, 88 (4th Cir.1994) (holding the debt was not subject to the FDCPA because it was a Court Order for child support).

■ In *Beal* and *Mabe,* the dispositive factor was not that the debt stemmed from a Court Order but rather the nature of the debt obligation subject to that Order. *See Mabe,* 32 F.3d at 88; *see also Beal,* 615 F.Supp.2d at 216–17 ("The only question of relevance is the character of the obligation owed by plaintiff. . . . [It] is not a consumer debt . . . because it did not arise out of any consumer transaction in which he engaged."). Therefore, the FDCPA is triggered when the obligation is a debt arising out of a consumer transaction. *Mabe,* 32 F.3d at 88; *Beal,* 615 F.Supp.2d at 217; *Shmerkocvich,* 2011 WL 887871, at *4 (collecting cases where FDCPA claims were dismissed because the debt arose from civil judgments or attorneys' fees); *Vaile v. Willick,* No. 07–00011, 2008 WL 204477, at *6 (W.D.Va. Jan. 24, 2008). In the instant matter, NCO obtained Polanco's funds because those garnished funds were subject to a consumer debt.[3] The Court Order was to return those improperly garnished funds; it was not an independent obligation as in *Beal* and *Mabe.*

■ Moreover, Defendant's assumption ignores the plain language of the statute. 15 U.S.C. § 1692a(5) (defining debt as any consumer obligation "whether or not such obligation has been reduced to judgment."). Court Orders, therefore, can be the manifestation of consumer debt. What is dispositive in determining the applicability of the FDCPA is not the form of the obligation but whether the debt, regardless of form, arose from a consumer transaction. *Beal,* 615 F.Supp.2d at 217 (explaining "courts have rejected arguments that debts *arising* out of court ordered obligations implicate the FDCPA.") (emphasis added). Here, the "character of the obligation" is a consumer transaction and its debt collection. *See id.*

Polanco alleges that Defendant attempted to collect her credit card debt via a two-part scheme: falsifying an affidavit of service to obtain a default judgment against her and ignoring subsequent Court Orders to return the improperly collected debt for over a ten-month period. Given that the purpose of the FDCPA is to protect consumers and to limit their "suffering and anguish," *Gabriele,* 503 Fed.Appx. at 93,

---

**3.** Defendant does not dispute that the underlying transaction, which gave rise to the state court action, is a consumer debt. Rather, it only argues that the Court Order is not subject to the FDCPA.

Defendant's ten-month refusal to comply with two Court Orders that vacated a fraudulently received judgment falls within FDCPA's broad purpose.[4] *See Alibrandi v. Fin. Outsourcing Serv., Inc.*, 333 F.3d 82, 87 (2d Cir.2003) (noting "FDCPA's broad, pro-debtor objectives"); *see also Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 27 (2d Cir.1989) ("Congress painted with a broad brush in the FDCPA to protect consumers from abusive ... debt collection practices.").

Although Defendant's noncompliance does not fall within the FDCPA's proscribed behaviors, "[t]he list ... is non-exhaustive, and the FDCPA generally forbids collectors from engaging in unfair, deceptive, or harassing behavior." *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002). It also proscribes using "unfair or unconscionable means" to collect a debt. 15 U.S.C. § 1692f. Here, Defendant's alleged actions of fraudulently using the court's power to secure a default judgment and subsequent garnishment and then refusing to obey promptly that same Court's Orders falls within the FDCPA's broad purpose to protect consumers from such alleged abusive and unfair tactics. Because Plaintiff has pleaded facts sufficient to make it facially plausible that she is entitled to relief, Defendant's Motion for Judgment on the Pleadings is HEREBY DENIED.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings is DENIED in its entirety. A Conference

pursuant to Rule 16 of the Federal Rules of Civil Procedure is scheduled for May 9, 2013 at 10:30 a.m.

SO ORDERED.

---

**4.** Furthermore, although the FDCPA specifically exempts service processors from liability, courts have nonetheless held that when the processors are engaged in sewer service that service processors can be held liable under the FDCPA. *Sykes*, 757 F.Supp.2d 413; *Bowens v. LR Credit 10, LLC*, No. 07 Civ. 459S, 2011 WL 6208303, at *3 (W.D.N.Y. Dec. 14, 2011); *Freeman v. ABC Legal Services Inc.*,

827 F.Supp.2d 1065, 1073 (N.D.Cal.2011). Analogously, when a defendant falsifies court documents in order to receive a default judgement and then refuses to promptly comply with a Court Order that vacated that default judgment and return the funds, such behavior should be subject to liability under the FDCPA.