Session v. Rodriguez

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of September, two thousand fifteen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge,*
> GERARD E. LYNCH,
> *Circuit Judge,*
> JANET BOND ARTERTON,
> *District Judge.**

_____

Gary Session,

> *Plaintiff-Appellant*,

> v.                                                                                13-3428

Edwin Rodriguez, Officer,

> *Defendant-Appellee,*

Stephen Coppola, Officer, City of New Haven,

> *Defendants*.

_____

For Plaintiff-Appellant:                              Gary Session, pro se, New Haven, CT.

_____

\* The Honorable Janet Bond Arterton of the United States District Court for the District of Connecticut, sitting by designation.

For Defendant-Appellee:                    Thomas E. Katon, Susman, Duffy & Segaloff, P.C., New Haven, Connecticut; Jeffrey R. Zehe, Neilsen, Zehe & Antas, P.C., Chicago, IL.

Appeal from a judgment of the United States District Court for the District of Connecticut (Melancon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Gary Session, proceeding pro se, appeals from a jury verdict in favor of the defendant, Edwin Rodriguez. Session filed a complaint against Rodriguez, a police officer, asserting claims of false arrest and malicious prosecution. Session alleged that Rodriguez coerced witnesses to give false statements implicating Session in a murder, and that the arrest warrant application contained false information and omitted exculpatory evidence. The jury found for Rodriguez and the district court denied Session's motion for a new trial. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Session argues that he is entitled to judgment as a matter of law, but he did not move for this relief in district court. "It is well established that a party is not entitled to challenge on appeal the sufficiency of the evidence to support the jury's verdict on a given issue unless it has timely moved in the district court for judgment as a matter of law on that issue." *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 164 (2d Cir. 1998); *see also Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394 (2006). At most, we may grant judgment as a matter of law only if necessary to prevent manifest injustice, *see Lore v. City of Syracuse*, 670 F.3d 127, 153 (2d Cir. 2012), which exists "where a jury's verdict is wholly without legal support." *ING Global v. United Parcel Service Oasis Supply Corp.*, 757 F.3d 92, 97 (2d Cir. 2014).

2

Session has not made this showing. To prevail on his claims, Session needed to show, *inter alia*, that Rodriguez lacked probable cause to arrest him. *See Roberts v. Babkiewicz*, 582 F.3d 418, 420 (2d Cir. 2009); *Russo v. City of Bridgeport*, 479 F.3d 196, 203 (2d Cir. 2007). The jury was free to credit police testimony that the witnesses were not coerced and, in light of evidence that two witnesses implicated Session in the murder, there was probable cause for his arrest. Thus, the jury's verdict has legal support.

We review for abuse of discretion the denial of Session's motion for a new trial based on improper comments in the defense summation. *Munafo v. Metropolitan Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004). When a party challenges the conduct of opposing counsel, a new trial is warranted "if counsel's conduct created undue prejudice or passion which played upon the sympathy of the jury." *Matthews v. CTI Container Transport Int'l Inc.*, 871 F.2d 270, 278 (2d Cir. 1989). The district court did not abuse its discretion in denying Session's motion because although defense counsel made two improper comments, those comments were isolated and did not create "undue prejudice." *Id.* We therefore affirm for substantially the reasons stated by the district court in its August 9, 2013 order.

Session's challenge to the jury instruction is waived because his counsel explicitly stated that he did not object to it. *See United States v. Agrawal*, 726 F.3d 235, 259 (2d Cir. 2013) (holding that argument was waived "by a negative response on the record to a district court invitation to voice objection").

We review the district court's evidentiary rulings for abuse of discretion. *See Silverstein v. Chase*, 260 F.3d 142, 145 (2d Cir. 2001). "A new trial is warranted only if the court's abuse of discretion clearly prejudiced the outcome of the trial." *Jones v. Spentonbush-Red Star Co.*, 155 F.3d 587, 592 (2d Cir. 1998)

Here, the district court acted well within its discretion by ruling that a plea offer and Session's alibi for the murder were not relevant. Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence," and that "fact is of consequence in determining the action." Fed. R. Evid. 401. The issue at trial was whether Rodriguez had probable cause to arrest Session and a prosecutor's plea offer, made months after Session's arrest, did not make it "more or less" probable that Rodriguez acted without probable cause months earlier. Likewise, it is undisputed that Session did not inform Rodriguez that he had an alibi and, when determining whether probable cause exists, the relevant facts are those "available to the officer at the time of the arrest and immediately before it." *Caldarola v. Calabrese*, 298 F.3d 156, 162 (2d Cir. 2002) (internal quotation marks and citation omitted).

Session also challenges the admission of a prosecutor's handwritten notes of his interview with a witness, and his testimony (consistent with those notes) that the witness offered to provide a tape of a rap song Session wrote about the murder. However, evidence that the witness volunteered additional evidence implicating Session was relevant, given his argument that her statement was false and had been coerced by Rodriguez.

Additionally, Session argues that the court erred by admitting evidence that a witness received a threatening note because this evidence was irrelevant and unfairly prejudicial. To prevail on his malicious prosecution claim, however, Session needed to show that Rodriguez acted with malice. *See Roberts*, 582 F.3d at 420. This evidence was relevant to Rodriguez's state of mind, since Rodriguez's belief that the witness had been threatened tended to refute Session's claim that Rodriguez had an improper motive. *See Kogut v. County of Nassau*, 789 F.3d 36, 46 (2d Cir. 2015) (ruling that court properly admitted evidence that detectives received evidence corroborating plaintiff's confession because this evidence "increase[d] the likelihood" that they

4

lacked malice). To the extent that this evidence could be prejudicial, the court gave an appropriate limiting instruction and there is "a strong presumption that juries follow limiting instructions." *United States v. Snype*, 441 F.3d 119, 129 (2d Cir. 2006).

Session challenges the admission of other evidence, but he did not object in the district court and has not shown plain error. *See* Fed. R. Evid. 103. We have considered all of Session's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

<div style="margin-left:40%">
FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk
</div>