15-3802-cv
Kaskel v. Compagnone

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of November, two thousand sixteen.

PRESENT:  AMALYA L. KEARSE,
RICHARD C. WESLEY,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

-----------------------------------------------------------------------

PETER S. KASKEL, M.D.,

*Plaintiff-Appellant*,

v.                                                                    No. 15-3802-cv

TANYA COMPAGNONE,

*Defendant-Appellee.*

-----------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:          JOHN R. WILLIAMS, ESQ., New Haven, CT.

FOR DEFENDANT-APPELLEE:          CARMEL A. MOTHERWAY, Assistant Attorney General, *for* George Jepsen, Attorney General for the State of Connecticut, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Underhill, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Peter Kaskel appeals from the district court's October 30, 2015 judgment granting summary judgment in favor of Defendant-Appellee Tanya Compagnone. On October 5, 2011, a pediatrician and mandated reporter, *see* Conn. Gen. Stat. § 17a-101(b), filed a Child Sexual Abuse report with the Department of Children and Families, containing allegations of child abuse by Plaintiff against his two young children. Officer Compagnone, a Detective with the Connecticut State Police, investigated these allegations and subsequently submitted a warrant application for Plaintiff's arrest on three counts of risk of injury to a minor. Plaintiff was arrested and prosecuted, but all charges were *nolled* and eventually dismissed. On January 6, 2014, Plaintiff filed the instant suit against Detective Compagnone, in her individual capacity, alleging malicious prosecution in violation of the Fourth Amendment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's grant of summary judgment *de novo*. *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991). "A grant of summary judgment will be affirmed only if 'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" *Morales v. Quintel Entm't, Inc.*, 249 F.3d 115, 121 (2d Cir. 2001) (quoting Fed. R. Civ. P. 56(c)). We view all ambiguities and reasonable inferences in the light most favorable to the nonmoving party. *Bryant*, 923 F.2d at 982.

To prove a claim of malicious prosecution, a plaintiff must show that: (1) the defendant initiated or continued a criminal proceeding against him; (2) the proceeding terminated in his favor; (3) the defendant acted without probable cause; and (4) the defendant acted with malice. *Roberts v. Babkiewicz*, 582 F.3d 418, 420 (2d Cir. 2009) (per curiam). At issue here is the third prong: whether Detective Compagnone acted without probable cause. Probable cause exists "if the totality of the circumstances, as viewed by a reasonable and prudent police officer in light of his training and experience, would lead that police officer to believe that a criminal offense has been or is being committed." *United States v. Moreno*, 897 F.2d 26, 31 (2d Cir. 1990), *abrogated on other grounds by Horton v. California*, 496 U.S. 128 (1990) (internal quotation marks omitted). Generally, a neutral magistrate's finding of probable cause in issuing a warrant creates a presumption that it was objectively reasonable for the officer to believe that probable cause existed. *See Golino v. City of New Haven*, 950 F.2d 864, 870 (2d Cir. 1991). Thus, "a plaintiff who argues that a warrant was issued on less than probable cause faces a heavy burden." *Id.*

2

In so arguing, a plaintiff must show that the officer "knowingly and intentionally, or with reckless disregard for the truth, made a false statement in his affidavit or omitted material information, and that such false or omitted information was necessary to the finding of probable cause." *Soares v. Connecticut*, 8 F.3d 917, 920 (2d Cir. 1993) (internal quotation marks omitted). We evaluate such a claim by "put[ting] aside allegedly false material, supply[ing] any omitted information, and then determin[ing] whether the contents of the 'corrected affidavit' would have supported a finding of probable cause." *Id.* If probable cause remains, no constitutional violation occurred. *Id.*

At summary judgment, Plaintiff alleged that Detective Compagnone's affidavit in support of the warrant contained a number of false or misleading statements. Upon striking those statements from the affidavit, the district court found that probable cause nonetheless existed, based on: (1) the pediatrician's physical examination of the children; and (2) allegations by Simi Kaskel, the children's mother and Plaintiff's then-wife, that Plaintiff masturbated in the children's presence. Plaintiff challenges both bases on appeal.

1. The Pediatrician's Report

In finding sufficient probable cause, the district court placed great significance on the pediatrician's report, which the court characterized as "report[ing] physical examination of the children consistent with child abuse." J. App'x at 91. Plaintiff takes issue with this representation, arguing that at no point did either the pediatrician's report or Detective Compagnone's affidavit expressly link the children's medical conditions to possible child abuse. Absent such a link, Plaintiff maintains, the pediatrician's report cannot support a finding of probable cause.

This argument fails. The circumstances of an arrest must be evaluated in light of the training and experience of the investigating agent. *See Moreno*, 897 F.2d at 31; *see also McColley v. Cnty. of Rensselaer*, 740 F.3d 817, 823 (2d Cir. 2014) ("In performing the 'corrected affidavit' analysis, we examine all of the information the officers possessed when they applied for the arrest warrant." (internal quotation marks omitted)). Here, Detective Compagnone had extensive training and experience in child-abuse investigations. In an affidavit prepared for this litigation, Detective Compagnone stated that, based on her training and experience, the children's medical conditions held particular significance: she knew them to be physical indicators of child sexual abuse. There is therefore no genuine dispute that the pediatrician's report, when viewed through the lens of Detective Compagnone's background, reasonably led Detective Compagnone to believe that a criminal offense had been or was being committed. *See Moreno*, 897 F.2d at 31.

3

## 2. Simi Kaskel's Allegations

Plaintiff next argues that Simi Kaskel's allegations cannot support a finding of probable cause because she lacked credibility as a witness. Relatedly, Plaintiff faults Detective Compagnone for failing to investigate the situation further.

"While probable cause requires more than a mere suspicion[] of wrongdoing, its focus is on probabilities, not hard certainties." *Walczyk v. Rio*, 496 F.3d 139, 156 (2d Cir. 2007) (citation and internal quotation marks omitted). Thus, an arresting officer need not "explore and eliminate every theoretically plausible claim of innocence before making an arrest." *Martinez v. Simonetti*, 202 F.3d 625, 635 (2d Cir. 2000) (internal quotation marks omitted). Indeed, "[o]nce an officer has probable cause, he or she is neither required nor allowed to continue investigating, sifting and weighing information." *Panetta v. Crowley*, 460 F.3d 388, 398 (2d Cir. 2006) (internal quotation marks omitted). "In sum, probable cause does not demand any showing that a good-faith belief be correct or more likely true than false." *Walczyk*, 496 F.3d at 157 (internal quotation marks omitted).

Here, Detective Compagnone's affidavit in support of the arrest warrant disclosed that the Kaskels were in the midst of a divorce proceeding, and that Simi Kaskel had sought a restraining order to keep Plaintiff out of the home. The affidavit also indicated that one of Simi Kaskel's allegations—that Plaintiff had been seen watching child pornography—was flatly contradicted by Plaintiff's second wife, Sheryl Marinone. Thus, as the district court observed, the affidavit "fairly presented" Simi Kaskel as someone motivated to exaggerate. J. App'x at 100. Moreover, Simi Kaskel's allegations were corroborated by the children's physical symptoms. In light of these circumstances, we conclude that there is no genuine dispute that a reasonable officer would have believed probable cause existed and that, as such, no further investigation was necessary. *See Panetta*, 460 F.3d at 398. Accordingly, we reject Plaintiff's arguments.

4

3. Conclusion

For the foregoing reasons, we conclude that there is no genuine dispute that Detective Compagnone's "corrected" affidavit supports a finding of probable cause, and that summary judgment was properly granted in Detective Compagnone's favor. We have considered Plaintiff's remaining arguments and conclude that they are without merit.[1] We therefore AFFIRM the judgment of the district court.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Both Detective Compagnone and the district court interpreted Plaintiff's complaint as stating a claim of intentional infliction of emotional distress. To the extent Plaintiff raised such a claim, he has abandoned it on appeal. *See United States v. Quiroz*, 22 F.3d 489, 490 (2d Cir. 1994) (per curiam) ("It is well established that an argument not raised on appeal is deemed abandoned." (internal quotation marks omitted)).