16-171-cv
*Edelman v. Schultz*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of **March,** two thousand seventeen.

PRESENT:   JOSÉ A. CABRANES,
                    RICHARD C. WESLEY,
                              *Circuit Judges,*
                    VICTOR MARRERO,[*]
                              *District Judge.*

---

STEVEN EDELMAN,

        *Plaintiff-Appellant*,                                        16-171-cv

        v.

DONALD SCHULTZ,

        *Defendant-Appellee.*[†]

---

**FOR PLAINTIFF-APPELLANT:**                    SALLY A. ROBERTS, New Britain, CT.

---

[*] Judge Victor Marrero, of the United States District Court for the Southern District of New York, sitting by designation.

[†] The Clerk of Court is directed to amend the caption to conform to the listing above.

1

**FOR DEFENDANT-APPELLEE:**               RUSSELL N. JAREM, Morrison Mahoney LLP, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Jeffrey A. Meyer, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Steven Edelman appeals from the dismissal by the District Court— in an order granting partial judgment on the pleadings and, later, an order granting summary judgment[1]— of his claims against Defendant-Appellee Donald Schultz, the Building Official for the Town of Windham, Connecticut. Much of this case's long and somewhat tortured history is irrelevant to those claims. Except as recounted below, we assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As alleged in his complaint, first filed in 2000 and amended in 2009, Edelman's claims arise from the events surrounding his 1998 arrest, prosecution, and conviction for violating the State Building Code. *See* Conn. Gen. Stat. § 29-254a; *id.* § 29-263. Those events began when Schultz, driving by one of Edelman's properties, observed him performing construction work on the roof. A. 57 ¶¶ 19-20. "Determining that a building permit had not been issued to [Edelman] for the roof work . . . Schultz issued a Stop Work Order to be served upon the property." *Id.* ¶ 21. David Page, a Deputy Sheriff for Windham County, delivered the stop work order to Edelman at his property. Their encounter, according to Page, was aggressive and confrontational; Page reported to Schultz that Edelman "tore up the Stop Work placard and violently lashed out at [him], kicking and denting Defendant Page's car." *Id.* at 58 ¶ 22-24, 27. Schultz conferred with a lawyer for the Town, and submitted an affidavit in support of an arrest warrant. According to the complaint, "Schultz lied in the arrest warrant affidavit that [Edelman] continued to work on the building without a building permit after the Stop Work Order was served." *Id.* ¶ 28.

In its order granting partial judgment on the pleadings to Schultz, the District Court assessed whether the foregoing allegations stated a claim for false arrest. *See* SPA 23-28. The District Court reasoned that, "[e]ven assuming Schultz's statement was a deliberate falsity that should have been struck from the warrant, . . . the Plaintiff has alleged sufficient facts to objectively support a finding of probable cause for the arrest on July 2, 1998." SPA 26. Specifically, the District Court pointed to the fact that—as alleged in the Complaint (and as attested to by Schultz in his affidavit, *see* A. 178-

---

[1] Before this case was transferred to Judge Meyer in 2014, it was assigned to Judge Dominic J. Squatrito, who issued the order partially granting judgment on the pleadings.

2

79)—Edelman was performing roof work without a permit, in violation of the State Building Code. The District Court held that that violation, irrespective of any violation for continuing the unauthorized work after a Stop Work Order, sufficed for purposes of probable cause. We agree with the District Court that, because a "§ 1983 claim of false arrest based on the Fourth Amendment right to be free from unreasonable seizures may not be maintained if there was probable cause for the arrest," *Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002), Edelman's claim fails.[2]

The other objections Edelman makes on appeal from the District Court's judgment-on-the-pleadings order are that it "wrongly overlooked" or "erred in not discerning" certain facts not alleged or certain obscure (and sloppily, if not incoherently, briefed) theories he now contends support his false arrest and due process claims. As an initial matter, the operative complaint, as written, does not allege those facts or articulate those theories. And Edelman failed otherwise to elaborate upon his theories of liability (in his opposition brief, for instance, *see* Appellee's Supp. A. 140-50); nor, following the ruling, did he seek leave to amend his complaint to clarify his claims. The District Court committed no error in "overlooking" or "not discerning" facts not alleged or theories not articulated. To the extent these theories have now been articulated on appeal, they lack merit in any event.[3]

Finally, we find no error in the District Court's careful analysis, on summary judgment, of Edelman's equal protection claim (in the form of a selective enforcement or class-of-one claim) against Schultz. *See Edelman v. Page*, No. 3:00-CV-01166 (JAM), 2015 WL 1395893, at *7-10 (D. Conn. Mar. 25, 2015). As the District Court observed:

---

[2] The same is true of any claim for malicious prosecution based on these allegations. *See Roberts v. Babkiewicz*, 582 F.3d 418, 420 (2d Cir. 2009) (per curiam) ("In order to prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment, and establish the elements of a malicious prosecution claim under state law. To prevail on a malicious prosecution claim under Connecticut law, a plaintiff must prove the following elements: (1) the defendant initiated or continued criminal proceedings against the plaintiff; (2) the criminal proceeding terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice." (internal quotation marks and citation omitted)).

[3] First, Edelman was not arrested for violating a "penalty statute," Appellant's Br. at xxii, but for violating the State Building Code. Second, Edelman's liberty was deprived only after his case was tried to a jury and the jury returned a verdict acquitting him of one charge but finding him guilty of the other. Such a trial—as well as the subsequent appeal, as a result of which his sole count of conviction was vacated—is the process due under the Constitution. Finally, we note that Edelman separately brought due process claims (among other claims) against other actors arising from this same series of events, and those due process claims have likewise been rejected as a matter of law. *See Edelman v. Laux*, No. CV115005710, 2013 WL 4504793 (Conn. Super. Ct. July 26, 2013); *Edelman v. Laux*, No. CV115005710, 2014 WL 2054321 (Conn. Super. Ct. Jan. 17, 2014).

3

> [T]he situation presented to Schultz in June 1998 was seemingly unique. Here was a repeat offender of unauthorized re-roofing who had adamantly refused on at least two prior occasions to concede that he might lawfully need a permit for re-roofing work. As far as Schultz knew at the time, plaintiff had repeatedly behaved extremely aggressively, even abusively, toward those officials who presented stop work orders and informed plaintiff that he needed a permit. Such scenes were described to Schultz in detail by Garry in 1994 and by Page in 1998. And this time, Schultz was also told that plaintiff had ripped up the stop work order—a gesture that, in conjunction with plaintiff's prior conduct, suggested that plaintiff did not intend to comply with the law—and that plaintiff had attacked Page's car in anger over the demand that he cease his permit-less work.

*Id.* at *8. We agree with the District Court that these undisputed facts (and Edelman does not dispute them on appeal), combined with the lack of any evidence of material comparators, establish that Edelman's prosecution did not amount to a violation of the Equal Protection Clause (even if it was perhaps an ill-advised exercise of prosecutorial discretion). As a result, like the District Court, we need not consider whether the undisputed facts demonstrated that Schultz was disentitled to immunity.[4]

## CONCLUSION

We have reviewed all of the arguments raised by Edelman on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[4] Separate from Edelman's claims against Schultz, we note that the District Court denied summary judgment to Page (the only other remaining defendant besides Schultz), finding triable issues of fact regarding the malicious prosecution claim against Page with respect to Edelman's arrest (on an earlier date than the arrest arising from Schultz's affidavit) and prosecution for criminal mischief. Edelman and Page's estate reached a settlement before trial.

4