Ernesto MURPHY, Plaintiff–Appellant,

v.

John LYNN, individually and as a Town of Clarkstown Police Officer; Daniel Weisberg, individually and as a Town of Clarkstown police officer; Town of Clarkstown; Town of Clarkstown Police Dept.; William Collins, Police Chief, Defendants–Appellees.

No. 1475, Docket 94–2639.

United States Court of Appeals, Second Circuit.

Argued April 21, 1994.

Decided May 5, 1995.

John Nicholas Iannuzzi, New York City (Iannuzzi and Iannuzzi, New York City), for plaintiff-appellant.

Joseph A. Maria, White Plains, NY (Joseph A. Maria, P.C., White Plains, NY), for defendants-appellees.

Before: ALTIMARI, JACOBS, and CALABRESI, Circuit Judges.

CALABRESI, Circuit Judge:

Ernesto Murphy appeals from the dismissal by the United States District Court for the Southern District of New York (Charles L. Brieant, Judge) of his civil rights complaint against Clarkstown police officers and the Town of Clarkstown. On the eve of trial, the District Court ruled that Murphy's action was precluded by the statute of limitations. It is now clear that, though some of his causes of action were properly dismissed as time barred, not all of Murphy's claims were untimely. We therefore reverse and remand for further proceedings.

### BACKGROUND

On November 13, 1989, while driving with his girlfriend, Murphy was stopped by Clarkstown Police Officer John Lynn. The encounter turned hostile after Murphy was issued a ticket. Lynn called for additional police assistance, and somehow the traffic stop escalated into a battle between Murphy and a group of Clarkstown police officers. In the end, Murphy was arrested on various criminal charges, including assault, resisting arrest and disorderly conduct.

After much delay, Murphy was indicted. The delay preceding his indictment prompted Murphy to seek a dismissal of the charges on speedy trial grounds. On December 12, 1990, a state trial court found merit in Murphy's contention that he had not been afforded the speedy trial guaranteed by New York Criminal Procedure Law § 30.30, and dismissed all the charges against Murphy stemming from his encounter with Officer Lynn and the other Clarkstown police officers.

On November 10, 1993, Murphy filed a complaint against the Town of Clarkstown and the police officers involved in the No-

vember 1989 incident. The complaint made claims under § 1983 and the First, Fourth, Fifth and Fourteenth Amendments for deprivation of liberty without due process, unlawful arrest, excessive force, and malicious prosecution. Though the defendants did not initially raise the statute of limitations as a defense, their amended answer asserted that all of Murphy's claims were untimely.

The parties proceeded with discovery and the case reached the brink of trial—a jury had been selected—before the District Court considered the statute of limitations issue raised in the defendants' amended answer. Since the applicable statute of limitations was three years and the encounter with the police that prompted Murphy's claims occurred nearly four years before his complaint was filed, the District Court held that his claims were time barred and dismissed the lawsuit.

Murphy filed papers seeking reconsideration. In these, he stressed that the crux of his action was the claim of malicious prosecution. He cited precedents indicating that malicious prosecution claims do not accrue until the dismissal of the underlying criminal charges and noted that the criminal charges against him were dismissed less than three years prior to the filing of his complaint. Murphy, therefore, asserted that his claim based in malicious prosecution was timely. Without giving any response to Murphy's reconsideration request, the District Court entered judgment dismissing Murphy's entire lawsuit.

## DISCUSSION

■■■ It is clear from our precedents that the applicable statute of limitations for § 1983 actions in New York is three years, *see Eagleston v. Guido,* 41 F.3d 865, 871 (2d Cir.1994), and that, for claims based in malicious prosecution, this period starts to run only when the underlying criminal action is conclusively terminated. *See Singleton v. City of New York,* 632 F.2d 185, 189, 193 (2d Cir.1980), *cert. denied,* 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981). Since the

underlying criminal action was terminated in December of 1990, less than three years before the filing of this action, it is equally clear that this part of Murphy's complaint was timely.[1] Consequently, the District Court's complete dismissal of Murphy's action as time barred was erroneous and cannot stand.

Apparently realizing that the statute of limitations defense cannot resolve this case, the defendants on appeal suggest another ground for affirming the dismissal of Murphy's malicious prosecution claim. They assert that Murphy has not stated a claim for malicious prosecution because he has failed to allege and cannot prove that the criminal proceedings brought against him were terminated "favorably," a requisite element for malicious prosecution actions under New York law. *See, e.g., Colon v. City of New York,* 60 N.Y.2d 78, 82, 468 N.Y.S.2d 453, 455, 455 N.E.2d 1248, 1250 (1983).

We deem it unwise, however, to consider *this or any other possible grounds that might support a dismissal.* The factual record before us is sparse, and no potential bases for dismissal—other than the statute of limitations—were briefed to the District Court or discussed by it. We therefore conclude that the appropriate recourse is simply to remand the case for further proceedings. In such proceedings, the District Court, properly advised by the parties, will be able to examine and decide: whether Murphy can satisfy the traditional requirements under New York law for a malicious prosecution claim; what effect the Supreme Court's recent decision in *Albright v. Oliver,* —— U.S. ——, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994), has on the relevance of state law requirements in malicious prosecution claims under § 1983; and any others grounds because of which this timely action may not avail.

## CONCLUSION

The dismissal of Murphy's malicious prosecution action is reversed and the case is

---

**1.** Murphy does not dispute that his causes of action based in false arrest and excessive force accrued at the time of his November 1989 encounter with the police, *see Singleton,* 632 F.2d at 191–93, and thus were properly dismissed by the District Court because of the statute of limitations.

remanded for further proceedings consistent with this opinion.