17-3152-cv
Thompson v. Rovella

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of May, two thousand eighteen.

PRESENT:  ROBERT D. SACK,
          REENA RAGGI,
                    *Circuit Judges*,
          LEWIS A. KAPLAN,
                    *District Judge.*[*]

------------------------------------------------------------------------

HUBERT THOMPSON,
                    *Plaintiff-Appellant*,

                 v.                                    No. 17-3152-cv

JAMES C. ROVELLA, Chief of Police, City of Hartford, In His Official Capacity, ANTHONY KOZIERADZKI, LIAM PESCE, Sergeant, City of Hartford, In His Individual and Official Capacities, TUYEN BERGENHOLTZ, Officer, City of Hartford, In Her Individual and Official Capacities, CITY OF HARTFORD,
                    *Defendants-Appellees*,

JANE DOE / JOHN DOE, Supervisor, Crimes Against Persons Unit, City of Hartford, In Her / His Individual and

------------------------------------------------------------------------

[*] Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

Official Capacities, JANE DOE(S) / JOHN DOE(S), Evidence Officer(s) (2003–2014), City of Hartford, In Their Individual Capacities,
                                   *Defendants.*
------------------------------------------------------------------------

APPEARING FOR APPELLANT:     RACHEL M. BAIRD, Esq., Harwinton, Connecticut.

APPEARING FOR APPELLEES:     DANIEL J. KRISCH (James J. Szerejko, *on the brief*), Halloran & Sage LLP, Hartford, Connecticut, *for* Anthony Kozieradzki, Liam Pesce, and Tuyen Bergenholtz.

                             NATHALIE FEOLA-GUERRIERI, Senior Assistant Corporation Counsel, Office of the Corporation Counsel, City of Hartford, Hartford, Connecticut, *for* James C. Rovella and City of Hartford.

Appeal from a judgment of the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 21, 2017, is AFFIRMED.

Plaintiff Hubert Thompson appeals from the dismissal of his complaint, brought pursuant to 42 U.S.C. § 1983 and state law, against the City of Hartford and current and former members of the Hartford Police Department for damages sustained in the course of his arrest and now-vacated 1998 conviction for sexual assault and kidnapping. Thompson further appeals the denial of his motion for reconsideration, challenging the district court's dismissal of his § 1983 claims as untimely.[1] We review *de novo* the

_____

[1] Thompson raises no arguments in his brief separately challenging the district court's dismissal of his state law claims. He has thus abandoned any such claims. *See*

2

dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6), "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Trustees of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). We review the denial of a motion for reconsideration for abuse of discretion. *See Trikona Advisers Ltd. v. Chugh*, 846 F.3d 22, 29 (2d Cir. 2017). In applying these principles here, we assume the parties' familiarity with the underlying facts and procedural history of the case, which we reference only as necessary to explain our decision to affirm.

1.      Section 1983 Statute of Limitations

The statute of limitations applicable to § 1983 claims is "borrowed" from that "for the analogous claim under the law of the state where the cause of action accrued, which in Connecticut is three years." *Spak v. Phillips*, 857 F.3d 458, 462 (2d Cir. 2017) (internal citations omitted). Nevertheless, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Smith v. Campbell*, 782 F.3d 93, 100 (2d Cir. 2015) (emphasis in original) (internal quotation marks omitted). For § 1983 claims sounding in malicious prosecution, "the statute of limitations begins to run when the prosecution terminates in the plaintiff's favor," which occurs when "the prosecution against the plaintiff has conclusively ended," such that "the underlying indictment or criminal information has been vacated and cannot be revived." *Spak v. Phillips*, 857 F.3d at 462, 464 (alteration and internal quotation marks omitted).

---

*LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995).

3

For § 1983 claims premised on false arrest, such claims accrue "at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007). The latter occurred here at least by the time of Thompson's trial in 1998.

After conviction, however, DNA testing revealed that DNA recovered from evidence in Thompson's case matched that of another person. Accordingly, Thompson was released from prison on March 12, 2012, his conviction was vacated, and a new trial was ordered. On July 19, 2012, all charges against Thompson were dismissed. Viewing these facts most favorably to Thompson, "the underlying criminal action" against him had been "conclusively terminated" by at least July 19, 2012, *Murphy v. Lynn*, 53 F.3d 547, 548 (2d Cir. 1995); *see Spak v. Phillips*, 857 F.3d at 464, such that the statute of limitations on his § 1983 claims started to run no later than July 19, 2012. His complaint, filed more than three years later on November 25, 2015, was therefore untimely.

In urging otherwise, Thompson relies on *Heck v. Humphrey*, 512 U.S. 477 (1994), to argue that his § 1983 claims did not accrue until January 2, 2014, when—in connection with his claim for compensation from the State of Connecticut for wrongful incarceration, *see* Conn. Gen. Stat. § 54-102uu—he received a letter from the Connecticut Office of the Attorney General informing him that the State's Attorney's Office had opined that dismissal of the criminal charges had been "consistent with [his] innocence" and, "[a]ccordingly, the State [would] not be contesting that aspect" of the

4

compensation claim, App'x 61 (internal quotation marks omitted). Thompson's reliance on *Heck* is misplaced.

In *Heck*, the Supreme Court ruled that when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction," a § 1983 action cannot be maintained "unless the plaintiff can demonstrate that the conviction . . . has already been invalidated." *Heck v. Humphrey*, 512 U.S. at 487. In those circumstances, "until the conviction . . . has been invalidated," accrual of such § 1983 claims is delayed. *Id.* at 490. Both the Supreme Court and this court, however, have made clear that *Heck*'s delayed accrual rule comes into play only when "resolution of [an] action in a plaintiff's favor could not be reconciled with an *extant* criminal conviction." *Smith v. Campbell*, 782 F.3d at 101 (emphasis added); *see Wallace v. Kato*, 549 U.S. at 393 (stating "*Heck* rule for deferred accrual is called into play only when there exists a conviction or sentence that has *not* been invalidated, that is to say, an outstanding criminal judgment" (emphasis in original) (alteration and internal quotation marks omitted)). Here, once all charges against Thompson were dismissed on July 19, 2012, by which time he had already been released from prison, there was no longer any existing criminal conviction that could be called into question by his § 1983 action.

The Attorney General's 2014 letter was not, as Thompson asserts without citation to any supporting authority, "[t]he last event in the criminal proceeding" against him. Appellant Br. at 14. Rather, the letter was issued in connection with a separate *civil* proceeding following the favorable termination of his criminal prosecution. *Cf. Spak v.*

5

*Phillips*, 857 F.3d at 466 (rejecting argument that § 1983 claims accrued not upon entry of *nolle prosequi* but upon subsequent erasure of records pursuant to Connecticut administrative statute). Even if Thompson could not satisfy state law requirements for compensation until receipt of the letter, those requirements have no bearing on the instant federal claims. *DiBlasio v. City of New York*, 102 F.3d 654 (2d Cir. 1996), supports no different conclusion. *See id.* at 656–57 (affirming dismissal of § 1983 malicious prosecution cause of action "for failure to state a claim" because favorable termination "element[]" of "common law tort for malicious prosecution" not adequately alleged). In stating there that the disposition of a criminal case must be consistent with innocence to support a § 1983 claim for malicious prosecution, this court was addressing the favorable termination requirement that is a *substantive* element of the claim, *see id.* at 657–59, which is distinct from favorable termination for purposes of *accrual*, *see Spak v. Phillips*, 857 F.3d at 462–63. In sum, the authorities cited by Thompson do not support his argument that his complaint is timely.

2.    Equitable Tolling

Alternatively, Thompson argues that, because "exculpatory information was wrongfully withheld" by defendants, he is entitled to equitable tolling. Appellant Br. at 21. We review the district court's denial of equitable tolling for abuse of discretion, *see A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011), which we do not identify here.

To secure equitable tolling, Thompson had to establish (1) diligent pursuit of his rights, and (2) extraordinary circumstances standing in the way of timely filing. *See Watson v. United States*, 865 F.3d 123, 132 (2d Cir. 2017). Thompson cannot carry this burden.

Even if defendants wrongfully withheld exculpatory DNA information during the pendency of Thompson's appeals and habeas petitions, Thompson does not argue that any such information was still withheld once the criminal charges against him were dismissed and the statute of limitations began to run. Nor could he. The complaint itself alleges that, by the time the charges were dismissed, DNA testing had been conducted and revealed a match for a known felon, leading to Thompson's release from incarceration. Because the statute of limitations did not begin to run until the allegedly withheld exculpatory DNA information was revealed, Thompson cannot show that the withholding of information "*caused* him to miss the original filing deadline." *Id.* (emphasis in original) (internal quotation marks omitted).

That conclusion is reinforced, as the district court noted, by Thompson's filing of his state compensation claim for wrongful incarceration on August 3, 2012, only weeks after the dismissal of criminal charges against him. Thompson offers no explanation as to why defendants' withholding of exculpatory information would have prevented him from filing the instant action within three years of dismissal of the criminal charges, but did not prevent him from filing the state claim. *Cf. id.* (rejecting equitable tolling argument in civil action against government where asserted grounds for tolling "did not

inhibit" plaintiff from "mount[ing] a vigorous case" in "immigration proceeding based on identical facts"). Accordingly, we identify no error in the denial of tolling.

3.    Conclusion

We have considered Thompson's other arguments and conclude that they are without merit.    Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court