Olaizola v. Foley

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of January, two thousand twenty.

PRESENT:
> AMALYA L. KEARSE,
> SUSAN L. CARNEY,
> JOSEPH F. BIANCO,
> > *Circuit Judges.*

———————————————————————

Herman Olaizola,

> *Plaintiff-Appellant*,
>
> v.                                                                                  No. 19-574

Robert Foley, NYPD Police Officer,

> *Defendant-Appellee*,

William J. Bratton, NYPD Commissioner, Meghan Kinsella, NYPD Police Officer, Marissa Gillespie, Queens Assistant District Attorney, Michael Siff, Attorney, Richard A. Brown, Queens District Attorney,

> *Defendants*.

———————————————————————

FOR PLAINTIFF-APPELLANT:            Herman Olaizola, pro se, Stormville, NY.

FOR DEFENDANT-APPELLEE:            Jane L. Gordon, D. Alan Rosinus, Jr., Assistant Corporation Counsel *for* Georgia M. Pestana, Acting Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Oetken, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Appellant Herman Olaizola, pro se, sued New York City Police Officer Robert Foley under 42 U.S.C. § 1983, alleging (among other things) that Foley maliciously prosecuted him. Olaizola claimed that Foley filed false paperwork in connection with Olaizola's prosecution on various misdemeanor charges in Bronx criminal court. The prosecutor in that proceeding, after several continuances, moved successfully to dismiss the charges for "judicial economy" reasons. On the same day as the Bronx dismissal, Olaizola was sentenced in Queens criminal court to a minimum of 16 years' imprisonment for felony burglary.

The District Court in this § 1983 action granted summary judgment to Foley, primarily on the ground that Olaizola failed to offer sufficient evidence that the Bronx criminal proceedings against him were terminated in his favor. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, and refer to them only as needed to explain our decision to affirm the District Court's judgment.

We review a grant of summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126-27 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (internal quotation marks omitted).

The District Court properly granted summary judgment to Foley on Olaizola's malicious prosecution claim. To state a claim for malicious prosecution under § 1983, a plaintiff must allege "(1) that the defendant initiated a prosecution against the plaintiff, (2) that the defendant lacked probable cause to believe the proceeding could succeed, (3) that the defendant acted with malice, . . . (4) that the prosecution was terminated in the plaintiff's favor . . . , [and] that there was (5) a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." *Rohman v. N.Y.C. Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000) (internal quotation marks omitted). "Where the prosecution did not result in an acquittal, it is deemed to have ended in favor of the accused, for these purposes, only when its final disposition is such as to indicate the innocence of the accused." *Murphy v. Lynn*, 118 F.3d 938, 948 (2d Cir. 1997); *see also Lanning v. City of Glens Falls*, 908 F.3d 19, 28 (2d Cir. 2018) ("When a person has been arrested and indicted, absent an affirmative indication that the person is innocent of the offense charged, the government's failure to proceed does not necessarily impl[y] a lack of reasonable grounds for the prosecution." (alteration in original) (internal quotation marks omitted)).

Olaizola did not show that the Bronx charges were terminated in his favor. The only pertinent record evidence—a transcript of proceedings—showed that the prosecutor stated that he sought dismissal of the Bronx charges "in the interest of judicial economy." Tr. of June 18, 2013, Bronx Criminal Ct. Proceedings at 3, *Olaizola v. Bratton*, No. 16-cv-3777 (S.D.N.Y. Apr. 26, 2018), ECF No. 44-6. Understood in context, the statement implied that pursuing a prosecution in the Bronx would waste government resources since, at the same time in Queens, Olaizola was being sentenced to a term of 16 years to life imprisonment.

Such a dismissal had no bearing on Olaizola's innocence and was not "favorable" to him

3

for purposes of a later § 1983 action. *See Lanning*, 908 F.3d at 28. It stands in contrast, for example, to *Stampf v. Long Island Railroad Co.*, where we concluded that a prosecutor's decision to decline prosecution was a favorable termination for § 1983 purposes because the prosecutor's explanation was that he had investigated the charges and determined that they could not be proven beyond a reasonable doubt. 761 F.3d 192, 200-01 (2d Cir. 2014).

Olaizola argues that New York state law requires us to infer that the prosecutor's abandonment of charges in his case constitutes a favorable termination. Olaizola is correct that, for certain purposes, New York courts have concluded that "any termination of a criminal prosecution, such that the criminal charges may not be brought again, qualifies as a favorable termination, so long as the circumstances surrounding the termination are not inconsistent with the innocence of the accused." *Cantalino v. Danner*, 96 N.Y.2d 391, 395 (2001). We are not, however, "bound to apply New York law to malicious prosecution claims arising under § 1983"; rather, we rely on our prior definitions of "favorable termination" for the purposes of § 1983 actions. *Lanning*, 908 F.3d at 28. Therefore, it is irrelevant to our reasoning that New York state law may define "favorable termination" differently for state law purposes.

Finally, Olaizola's argument that a genuine dispute of material fact arises from the unclear circumstances of the dismissal of the Bronx charges is meritless. Olaizola has presented no evidence that calls into question the stated reason for the prosecutor's motion to dismiss. The transcripts show nothing more than various attempts to reach a plea agreement and to prosecute the Bronx misdemeanor concurrently with the Queens felony. They do not suggest that the prosecutor dismissed the Bronx misdemeanor charges based on any concern that the State could not prove those charges.

4

Olaizola also argues that he offered sufficient evidence to establish Foley's malicious prosecution of charges against him for possession of stolen property and possession of weapons, as listed on a desk appearance ticket ("DAT") that Foley issued to Olaizola in May 2012, but which did not appear in the August 2012 criminal complaint. Foley responds that this DAT-based claim is barred by the three-year statute of limitations governing § 1983 claims, because it would have accrued in September 2012, when Olaizola was arraigned on that criminal complaint, a date over three years before Olaizola filed his § 1983 suit.

"Section 1983 actions filed in New York are . . . subject to a three-year statute of limitations." *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013). A § 1983 claim for malicious prosecution accrues when the prosecution terminates in the plaintiff's favor. *Spak v. Phillips*, 857 F.3d 458, 462 (2d Cir. 2017). Olaizola filed his complaint in May 2016. To be timely, his claim must therefore have accrued no earlier than May 2013. But the dropped charge proceedings "terminated," at the latest, when Olaizola was arraigned on the criminal complaint in September 2012. By that point, the DAT charges had been abandoned. Olaizola's claim thus was not timely and the District Court did not err in granting summary judgment to Foley.

We have reviewed Olaizola's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5