*Sakon v. Johnson*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of February, two thousand twenty-six.

PRESENT:
> RICHARD J. SULLIVAN,
> MYRNA PÉREZ,
> > *Circuit Judges.*
> P. KEVIN CASTEL,
> > *District Judge.*\*

_____

JOHN ALAN SAKON

> *Plaintiff-Appellant,*

> v.                                        24-1991

_____

\* Judge P. Kevin Castel, of the United States District Court for the Southern District of New York, sitting by designation.

JOHN JOHNSON, Officer, of the Glastonbury Police Department, Town of Glastonbury, F. PERRONE, Officer, of the Glastonbury Police Department, Town of Glastonbury, BRUCE D. SKEHAN, Officer, of the Glastonbury Police Department, Town of Glastonbury, PETER BRANDER, Officer, of the Glastonbury Police Department, Town of Glastonbury, NEAL CAVANAUGH, Officer, of the Glastonbury Police Department, Town of Glastonbury, MICHAEL ROBERTS, Officer, of the Glastonbury Emergency Management, Town of Glastonbury, PETER J. CELIO, Officer, of the Manchester Police Department, Town of Manchester, WILMARY LABONTE, Officer, of the Manchester Police Department, Town of Manchester, DANIELLE STONE-MITCHELL, Officer, of the Manchester Police Department, Town of Manchester, CHRISTOPHER FERREIRA, Trooper, of the Connecticut State Police, State of Connecticut, SETH CONANT, FREED MARCROFT LLC, TOWN OF GLASTONBURY, TOWN OF MANCHESTER, STATE OF CONNECTICUT,

*Defendants-Appellees,*

FRANCELIA MARIE SEVIN, DENNIS O'TOOLE,

*Defendants.*

_____

| | |
|---|---|
| **For Plaintiff-Appellant:** | JOHN ALAN SAKON, *Pro Se*, Farmington, CT. |
| **For Defendants-Appellees John Johnson, F. Perrone, Bruce D. Skehan, Peter Brander, Neal Cavanaugh, Michael Roberts, and Town of Glastonbury:** | ASHLEY L. HOYT, (Katherine E. Rule, *on the brief*), Howd & Ludorf, LLC, Wethersfield, CT. |
| **For Defendants-Appellees Peter J. Celio, Wilmary Labonte, Danielle Stone-Mitchell, and Town of Manchester:** | ANDREW J. GLASS, Karsten & Tallberg, LLC, Rocky Hill, CT. |

2

| | |
|---|---|
| **For Defendants-Appellees Christopher Ferreira and State of Connecticut:** | EDWARD ROWLEY, Assistant Attorney General (Robin S. Schwartz, Assistant Attorney General, *on the brief*), Assistant Attorney General, *for* William Tong, Attorney General of Connecticut, Hartford, CT. |
| **For Defendants Seth Conant and Freed Marcroft LLC:** | MICHAEL S. TRIPICCO, Cohen Vaughan, LLP, Hartford, CT. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Alvin W. Thompson, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 19, 2024 judgment of the district court is **AFFIRMED**.

John Alan Sakon, proceeding *pro se*, appeals from the district court's dismissal of his claims for malicious prosecution under 42 U.S.C. § 1983 against seventeen separate defendants arising from his nine previous arrests. The district court dismissed all of his claims, holding that some were time-barred and that he failed to state a claim as to others; the district court also struck Sakon's proposed amended complaint. We assume the parties' familiarity with the facts, procedural

history, and issues on appeal, to which we refer only as needed to explain our decision.

"We review a dismissal for failure to state a claim *de novo*."  *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).  To "survive[] a Rule 12(b)(6) motion to dismiss" the plaintiff must allege facts that – when "taken as true and with all reasonable inferences drawn in the plaintiff's favor" – "state a plausible claim to relief."  *Id.*  And while we "interpret[]" a *pro se* litigant's pleadings to "raise the strongest claims they suggest," such parties must still plead facts that "plausibly give rise to an entitlement of relief," as opposed to "'[t]hreadbare recitals of the elements of a cause of action' that are 'supported by mere conclusory statements.'"  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)).  Meanwhile, "[w]e review a district court's denial of leave to amend for abuse of discretion, unless the denial was based on futility, in which case we review that legal conclusion *de novo*."  *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 188 (2d Cir. 2014).

4

## I.    Time-Barred Malicious Prosecution Claims

Sakon argues that the district court erroneously dismissed as untimely the malicious prosecution claims set forth in counts one through eight of his complaint.  We disagree.

To determine timing rules for section 1983 malicious prosecution claims, we blend federal and state law.  While federal law determines "the time at which a claim for malicious prosecution . . . accrues," we "borrow[]" the "applicable statute of limitations . . . [from] the law of the state where the cause of action accrued."  *Spak v. Phillips*, 857 F.3d 458, 462 (2d Cir. 2017).  In other words, federal law determines when the clock starts running, while state law decides when the buzzer sounds.

Under federal law, malicious prosecution claims accrue when "criminal proceedings have terminated in the plaintiff's favor."  *Heck v. Humphrey*, 512 U.S. 477, 489 (1994).  And "a *nolle prosequi* constitutes [such] a 'favorable termination' for the purpose of determining when a Section 1983 claim accrues."  *Spak*, 857 F.3d at 463.  Meanwhile, as the parties agree, the Connecticut "statute of limitations for a malicious prosecution claim . . . is [generally] three years."  *Id.* at 462; *see also* Conn. Gen. Stat. Ann. § 52-577f.  In this case, however, we must tack on an

5

additional 347 days for the period – during the COVID-19 pandemic – when Connecticut tolled its statute of limitations. To calculate Sakon's filing cutoff, we therefore must add three years plus 347 days to the date that prosecutors *nolled* the last charges against him.

Sakon failed to meet that deadline. While counts one through eight challenge several different arrests, prosecutors *nolled* their final charges on January 3, 2019. Counting three years plus 347 days from that date yields a limit of December 16, 2022. Because Sakon waited until January 26, 2023 to file his complaint, the statute of limitations bars the claims raised in counts one through eight.

Sakon attempts to sidestep this time bar by arguing that the Supreme Court's decision in *Thompson v. Clark* abrogated *Spak*'s holding that a malicious prosecution claim accrues as of the date of the *nolle*. 596 U.S. 36 (2022). But, if anything, *Thompson* reinforces *Spak*. There, the Supreme Court held that a plaintiff alleging a Fourth Amendment malicious prosecution claim need not "show that the criminal prosecution ended with some affirmative indication of innocence" and instead "only . . . that the criminal prosecution ended without a conviction." *Id.* at 49. That is exactly what a *nolle* is. And while Sakon latches onto the Supreme

Court's caution that a prosecution has not ended unless it "cannot be revived," Sakon Br. at 14 (quoting *Thompson*, 596 U.S. at 45), *Spak* expressly addressed that issue, explaining that a "*nolle*" *does* "terminate[] a specific prosecution by vacating a charging instrument," so that it "cannot be revived." *Spak*, 857 F.3d at 464.[1]

## II. Count Nine

Unlike counts one through eight, count nine – Sakon's malicious prosecution claim against Officer Peter Brander, the Town of Glastonbury, and the Glastonbury Police Department stemming from Sakon's arrest for larceny on October 22, 2018 – is not time-barred because the state did not *nolle* the larceny charge until July 2020. The district court nevertheless dismissed this count because it concluded that Sakon had failed to state a claim. We agree.

"[T]o prevail on a [section] 1983 claim against a state actor for malicious prosecution, a plaintiff must . . . establish the elements of [such a] claim under state law." *Roberts v. Babkiewicz*, 582 F.3d 418, 420 (2d Cir. 2009) (internal quotation marks omitted). And "under Connecticut law," a plaintiff alleging malicious

---

[1] Sakon argues that his claim instead accrued thirteen months after the date of the *nolle*, when the charges were automatically erased from the record pursuant to Conn. Gen. Stat. § 54-142a(c)(1). As we recognized in *Spak*, however, that "erasure provision . . . is a purely administrative measure" that, like the entry of the *nolle*, "does not preclude the prosecuting attorney from filing new charges." 857 F.3d at 466. Sakon's preferred date thus "provides no more 'conclusive' bar to future criminal proceedings than the *nolle* itself." *Id.*

7

prosecution "must prove [that] . . . 'the defendant acted without probable cause.'" *Id.* (quoting *McHale v. W.B.S. Corp.,* 187 Conn. 444, 446 (1982)). To do so, the plaintiff must carry his "burden" of "prov[ing] affirmatively . . . that the defendant had *no reasonable ground* for instituting the criminal proceeding." *Bhatia v. Debek,* 287 Conn. 397, 410–11 (2008) (emphasis added and internal quotation marks omitted).

Sakon fails to allege that Officer Brander lacked any reasonable ground for arresting him: as Sakon's complaint concedes, Officer Brander obtained a judicial warrant after both Sakon's own brother and his ex-wife had filed criminal larceny complaints against him. And while Sakon's complaint faults Officer Brander for relying on these reports without conducting "a proper investigation," Def. App'x at 55, we have never required officers to jump through such pre-arrest hoops; instead, an officer may "rely without further investigation on representations of another" *unless*, as relevant here, "the information received is such as to put an ordinarily prudent and cautious person on inquiry." *DeLaurentis v. City of New Haven,* 220 Conn. 225, 258 (1991); *see also Betts v. Shearman,* 751 F.3d 78, 82 (2d Cir. 2014) ("[P]robable cause exists if a law enforcement officer received information from some person, normally the putative victim or eyewitness, unless the

8

circumstances raise doubt as to the person's veracity." (alteration accepted and internal quotation marks omitted)).

Sakon attempts to avoid this problem by arguing that Officer Brander should have made further "inquiry" because the funds at issue (allegedly) came from a tenancy in common. Sakon Br. at 15. But Sakon pleaded no facts to suggest that Officer Brander knew of the intricacies of the Sakon family's competing claims, or that an ordinarily prudent officer would have discredited the criminal complaints against Sakon. *See Alberty v. Hunter*, 144 F.4th 408, 417 (2d Cir. 2025) ("[P]robable cause does not require an officer to be certain that subsequent prosecution of the arrestee will be successful. It is therefore of no consequence that a more thorough or more probing investigation might have cast doubt upon the situation." (internal quotation marks omitted)).

### III. Denial of Amendment

Finally, Sakon appeals the district court's denial of his motion to amend. As a threshold matter, we note that Sakon technically filed no such motion: he simply submitted an amended complaint – sixty-seven days after the district court had dismissed his remaining claims, and without consulting either the defendants or the district court. That filing clearly contravened Federal Rule of Civil Procedure

9

15(a), which permits amended pleadings in these circumstances "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). The district court accordingly struck the amended complaint, while noting in passing that "the situation here is not one where the court should grant leave to file an amended complaint because justice so requires." Def. App'x at 169.

However, even assuming that the district court should have (i) "liberally constru[ed]," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017), Sakon's submission as a full-blown request for leave to file an amended complaint, and (ii) therefore explained its decision more thoroughly, Sakon's appeal still fails because "any amendment would have been futile," *Yerkyn v. Yakovlevich*, 164 F.4th 224, 225 (2d Cir. 2026); *see also id.* at 229 ("[W]e are free to affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied." (internal quotation marks omitted)).

Sakon's proposed amended complaint alleges no facts suggesting that Officer Brander lacked probable cause; instead, he rehashes his claims that Brander should have conducted a more thorough investigation, *see, e.g.*, Def. App'x at 143–44, and insists that Brander could have included more information in his arrest warrant application, *see, e.g.*, *id.* at 147–48, without alleging any facts

10

suggesting that Brander knew that specific information or showing why it was necessary. If anything, Sakon's amended complaint, which attaches Brander's thorough warrant application, *undercuts* his claims that Brander lacked probable cause. Dist. Ct. Doc. No. 128-1 at 1–3 (warrant application discussing embezzlement scheme, forensic accounting analysis, and Brander's own knowledge of Sakon).

Sakon's brief does not suggest otherwise. He merely argues that the Federal Rules of Civil Procedure are too complicated, and that he filed his proposed amendments "one month late" because the Defendants intentionally delayed him by falsely arresting him and "running [him] over with a truck." Sakon Br. at 16–17. But Sakon's motion to amend fails not because of "byzantine" rules, *id.* at 17, or because of his tardiness. It fails for the more basic reason that the amendment is futile since it does not include facts that undermine the existence of probable cause.

\*　　\*　　\*

We have considered Sakon's remaining arguments and find them to be without merit.[2]  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Sakon has abandoned his other claims by failing to challenge their dismissal in his opening brief. *See Green v. Dep't of Educ. of N.Y.C.*, 16 F.4th 1070, 1074 (2d Cir. 2021) ("[A] *pro se* litigant abandons an issue by failing to address it in the appellate brief.").